UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUSUF F. DIXON,

               Plaintiff,

-against-

GINA RAYMAT; HON. RACHEL HAHN, JFC;
JOY JOSEPH; ERIC FAYER, OLA M. AZEEZ;
KATRINA WILLIAMS,

               Defendants.

22-CV-10910 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's jurisdiction under 28 U.S.C. 1331, alleging that Defendants violated his rights. By order dated December 29, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this complaint using the court's general complaint form. Named as Defendants are Gina Raymat, the mother of Plaintiff's son; Hon. Rachel Hahn, a Judge of the Family Court of the State of New York, County of Westchester; Joy Joseph, an attorney; Eric Fayer, an attorney; Ola M. Azeez, an attorney; and Katrina Williams, an employee of the Department of Social Services. Plaintiff checks the box invoking the court's federal question jurisdiction, and in the section that asks Plaintiff to state which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "18 U.S. Code §§1169 – Reporting of child abuse[;] RA 7610 Anti-child abuse[;] Equality Act 2010[.]" (ECF No. 2 at 2.)

Plaintiff asserts that the events giving rise to his claims occurred at "85 Bruce Street 4N Yonkers NY 10705," on "11/30/2022." (*Id.* at 5.) In the Facts section of the complaint form, Plaintiff writes

> My son . . . Mother Hit him with a stick. Then I was called to take him, but the court place him back in his Mother care, knowing that she is abuseing him at said time, not only that, but Mental Abuse Also; 18 U.S. Code § 1169 – Reporting of child Abuse. When my son goes out with me he crying for me not to take him back there. Now when "Me" REP. Yusuf (Dixon) she calls he Police and lie, telling them that I hit her, Even when I'm not around, so she can use my son and my to control People; see Attachment.

(*Id.* at 5.)[1]

Plaintiff describes his injuries as

> Kidnapped off my land and imprisoned, 'My Son' years of Mental and Physical Abuse, lack of me being in his life, do to lies.

(*Id.* at 6.)

He seeks

> First; My Son . . . to be returned to my care, ASAP. Next; Yonkers Family court Judge Disbarred; Hon. Rachal Hah, JFC. Next; A Full investigation; see Attachment

(*Id.*)

Plaintiff attaches to his complaint a two-page summons from the Family Court of the State of New York, County of Westchester, two pages which the Court cannot read because the copies are illegible, copies of emails that Plaintiff sent to "contactnewscentre@un.org," and "inquiries@un.org," and a "Temporary Order of Parenting Time On Consent," signed by Hon. Rachel Hahn, JFC. (*Id.* at 8-15.)

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original.

## DISCUSSION

**A.    Rule 5.2(a) of the Federal Rules of Civil Procedure**

Plaintiff's complaint and the attachments include the full name and full birthdate of his minor child. Rule 5.2(a) of the Federal Rules of Civil Procedure requires that Court filings referring to such information include only: the last four digits of a person's Social Security number, the year of a person's birth, and the minor's initials. Fed. R. Civ. P. 5.2(a)(1)-(3). A person who fails to redact such information or file it under seal waives the protections of Rule 5.2 as to his or her own information. *See* Fed. R. Civ. P. 5.2(h).

Because Plaintiff's submissions reveal the full name and birthdate of Plaintiff's minor child, the Court has directed the Clerk of Court to limit electronic access to the submission (ECF No. 2) to a "case-participant only" basis. Plaintiff must comply with Rule 5.2(a)(3) when submitting any documents in the future.

**B.    Claims Under 28 U.S.C. § 1983**

Because Plaintiff alleges that Defendants violated his rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**C.    Judicial Immunity**

Plaintiff's claims against Hon. Rachel Hahn must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome

judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Rachel Hahn acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Rachel Hahn for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. To the extent that Plaintiff seeks monetary damages against this Defendant, the Court dismisses Plaintiff's claims against Hon. Rachel Hahn, JFC, because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**D.     Private Defendants**

Plaintiff's claims against Gina Raymat, and attorneys Joy Joseph, Eric Fayer, and Ola M. Azeez, must also be dismissed. A claim for relief under Section 1983 must allege facts showing

5

that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). As these Defendants are private parties who are not alleged to work for any state or other government body, Plaintiff cannot state a claim against these defendants under Section 1983.

E.     **Interference with State-Court Proceedings**

The relief Plaintiff seeks, the return of his son to his care, requests that this Court intervene in his state family court proceeding. Both the *Younger* abstention doctrine and the domestic relations abstention doctrine preclude this Court from taking such action.

1.     ***Younger* Abstention Doctrine**

To the extent that Plaintiff seeks to have this Court intervene in the ongoing family court action, this claim must also be dismissed. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal

proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App' x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). This doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

*Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *Jones v. Cnty. of Westchester*, 678 F. App'x 48, 49-50 (2d Cir. 2017) (summary order). Abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

If a "federal lawsuit implicates the way that New York courts manage their own . . . proceedings — a subject in which "the states have an especially strong interest" — a State's interest is most likely implicated, warranting abstention under *Younger*. *Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973)). When such proceedings are pending in state court, the *Younger* doctrine bars federal courts from ordering injunctive relief that interferes with the state court proceedings. "State proceedings are

pending for *Younger* purposes until all appellate court remedies have been exhausted." *People United for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 290 n.6 (S.D.N.Y. 2000).

Plaintiff's request that this Court intervene in the family court action by directing the state courts to take certain actions implicates how the state court manages its proceedings. *Younger* abstention therefore applies, and this Court does not have jurisdiction over this action. *Falco*, 805 F.3d at 428. Ultimately, if Plaintiff is aggrieved at the process and outcome of the state-court proceedings, he can avail himself of the New York State appellate process by appealing the decision to the New York State Appellate Division, Second Department.

### 2. Domestic Relations Abstention Doctrine

The domestic relations abstention doctrine requires this Court to abstain from exercising federal question jurisdiction of domestic relations issues, such as those implicated in Plaintiff's claims. In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990) (holding that federal district court should abstain from exercising its federal-question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child . . . ." (internal quotation marks and citation omitted)).

Where a federal district court is "asked to grant a divorce or annulment, determine support payments, or award custody of a child," the court should abstain from exercising its jurisdiction of such claims if "there is no obstacle to their full and fair determination in [the] state courts." *Id*. (internal quotation marks omitted); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (recognizing a domestic relations exception to federal district courts' diversity jurisdiction of state court claims involving divorce, custody, and support).

In *Deem v. DiMella-Deem*, the Second Circuit held that federal district courts should abstain from exercising federal question jurisdiction of such claims as well. *See* 941 F.3d 618, 621 (2d Cir. 2019). Thus, "[a]lthough the domestic relations '*exception*' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* (emphasis in original).

Plaintiff asks this Court to intervene in family court proceedings in Westchester County, but the Court must abstain from exercising its federal question jurisdiction of Plaintiff's claims arising from the issuance of state-court orders and their enforcement. *See Deem*, 941 F.3d at 621-25 (affirming *sua sponte* dismissal under domestic relations abstention doctrine).

**F.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii), and as barred by the *Younger* abstention doctrine and the domestic relations abstention doctrine.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   April 10, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge